# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lee Garrison, | No. CV-24-01407-PHX-SMM (MTM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| NaphCare Incorporated, et al., | |
| Defendants. | |

TO THE HONORABLE STEPHEN M. McNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

Self-represented Plaintiff Terry Lee Garrison, who is confined in the Arizona State Prison Complex-Lewis, filed a civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. 63.) On July 23, 2025, the Court issued an Order dismissing Count IV of the Amended Complaint as well as Defendants Braithwaite, Racowsky, Humphries, and Forehand from the entirety of this action. (Doc. 64.) The Court then directed the Clerk of Court to send service packets to Plaintiff for Defendants Grace Adams, Siji Thomas, and Rodney Stewart. (*Id.*) The Clerk of Court sent Plaintiff service packets as to these Defendants that same day.

As set forth in the Court's previous screening Order (Doc. 7), Plaintiff was supposed to complete and return the service packet to the Clerk of Court within 21 days of the date of filing of its Order as the United States Marshal cannot provide service of process if Plaintiff fails to comply with this directive. The record reflecting, however, that Plaintiff

failed to return the service packets as to any of the Defendants, the Court issued an Order stating: "no later than 10 days from the date of this Order, Plaintiff must either return to the Clerk completed service packets for Defendants, or show cause why this matter should not be dismissed for failure to comply with the Court's Order." (Doc. 69.) To date, Plaintiff has failed to respond to the Court's Order and the time for doing so has expired. The Court, therefore, will determine whether dismissal as to Defendants Grace Adams, Siji Thomas, and Rodney Stewart is appropriate.

Plaintiff has the general duty to prosecute this case. *See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it." *In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case as to Defendants Adams, Thomas, and Stewart. Plaintiff's failure to return service packets as ordered by the Court prevents the case against these Defendants from moving forward in the foreseeable

future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed (Doc. 69), but Plaintiff has not responded.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, the Court will recommend dismissal of this action without prejudice as to Defendants Adams, Thomas, and Stewart pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Amended Complaint and this action be dismissed without prejudice as to Defendants Grace Adams, Siji Thomas, and Rodney Stewart pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rules of Appellate Procedure, Fed. R. App. P. 4(a)(1), should not be filed until entry of the district court's judgment. Pursuant to 28 U.S.C. § 636(b), any party may file and serve written objections within 14 days after being served with a copy of this Report and Recommendation. Pursuant to Rule 7.2(e)(3), Local Rules of Civil Procedure, objections to the Report and Recommendation may not exceed ten (10) pages. If objections are not timely filed, the party's right to de novo review by the District Judge is waived. *See U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 20th day of October, 2025.

Honorable Michael T. Morrissey
United States Magistrate Judge